# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT PIERCE DIVISION

CASE NO.:

JESSICA MCKENZIE, and all others )
similarly situated under 29 U.S.C. 216(b), )
)
)
       Plaintiffs, )
  vs. )
)
BOTTOM'S UP BEVERAGE OF FLORIDA, )
LLC and JULIANN PETTICREW, )
)
       Defendants. )
)

## COLLECTIVE ACTION COMPLAINT UNDER
## 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff, JESSICA MCKENZIE, and all others similarly situated under 29 U.S.C. §216(b), through undersigned counsel, files this Complaint against Defendants, BOTTOM'S UP BEVERAGE OF FLORIDA, LLC, and JULIANN PETTICREW, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

## PARTIES

2. Plaintiff JESSICA MCKENZIE ("MCKENZIE") was a resident of Indian River County, Florida at the time that this dispute arose.

3. The Defendant BOTTOM'S UP BEVERAGE OF FLORIDA, LLC ("BOTTOM'S UP") is a corporation that regularly transacts business within Fort Pierce, Florida. The Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

1

4. The individual Defendant, JULIANN PETTICREW, ("PETTICREW") is a corporate officer, owner, and manager of the Defendant Corporation. (Collectively, "Petticrew" and "Bottom's Up are hereinafter referenced to as "Defendants")

5. The similarly situated individuals ("Class") who may become Plaintiffs in this action are Defendants non-exempt employees who have worked more than (40) hours during one or more work weeks within the last 3 years and did not receive overtime pay for all hours worked over (40) in one or more work weeks.

## VENUE AND JURISDICTION

6. This Honorable Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises out of the FLSA, a federal statute.

7. This Honorable Court has personal jurisdiction because Defendants conduct business in Indian River County and employed Plaintiff in Indian River County.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) because Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because their contacts with this District are sufficient to subject them to personal jurisdiction.

## FACTUAL ALLEGATIONS

9. Defendants hired Plaintiff as an employee in approximately May 2022.

10. Defendant Bottom's Up, LLC, amongst other things, owns and operates restaurant facilities at two separate occasions: The Manor of Meadowwood and Sand Ridge Golf Club. ("The Manor" and "Sand Ridge")

11. Petticrew ran the day-to-day operations of Bottom's Up for the relevant time period, was responsible for paying plaintiff's wages, and controlled Plaintiff's work duties and

2

work schedule, and was therefore Plaintiff's employer as defined by 29 U.S.C. §203(d).

12. Petticrew utilized the same employees to operate The Manor and Sand Ridge, exercised the same degree of managerial authority over each entity, utilized common corporate resources, and paid the employees substantially the same manner, such that the entities are joint employers.

13. Plaintiff worked at the Sand Ridge location from approximately May 2022 until approximately May 2023.

14. Plaintiff worked at The Manor location from approximately February 2023 through approximately May 2023.

15. Petticrew admitted in deposition that Plaintiff worked more than 40 hours per week on at least one occasion at the Sand Ridge location. (Petticrew's deposition, provided on behalf of Bottom's Up on November 9, 2023, is attached hereto as Exhibit A, and is incorporated as if fully stated herein)

16. Plaintiff regularly worked in excess of 40 hours within a single work week on behalf of Defendants.

17. Petticrew admitted in deposition that she only considered hours worked in excess of forty-four (44) hours per work week to be subject to the Fair Labor Standards Act, as opposed to the mandates of federal law. (ie. 40 hours within a single work week)

18. Petticrew admitted in deposition that she had no documents or legal authority in which to refuse to pay employees overtime until they worked at least 44 hours within a single work week.

19. Petticrew admitted in deposition that she did not combine the hours that Plaintiff worked at The Manor and Sand Ridge (in the same work week) for purposes of calculating overtime, in derogation of federal law.

20. Plaintiff, and the proposed class, were tipped employees at both the Manor and Sand Ridge locations.

21. Petticrew admitted in deposition that she did not keep track of Plaintiff's tips for purposes of calculating her overtime wages, in derogation of federal law.

22. When Petticrew was asked in deposition if everyone was paid in the same manner, she responded "yes, everyone gets paid the same way."

23. While working for Defendants, Plaintiff and the Class performed non-exempt duties as servers. Specifically, Plaintiff's job duties included but were not limited to preparing food for customers, sweeping the work area, serving food and drinks to customers, billing customers for their purchases by cash and credit card.

24. Defendants paid Plaintiff an hourly rate of $11.00, and at an improper overtime rate as more fully stated above.

25. Defendants never compensated Plaintiff or the Class at a correct overtime rate, even though they routinely worked in excess of forty (40) hours within a single work week.

26. Defendant Bottom's Up is a company that provides restaurant services as more fully stated above, and that suffers persons such as Plaintiff and the Class to labor on its behalf for its business.

27. Defendant Bottom's Up engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203 (s).

28. At all material times, Defendants directly or indirectly acted as employers towards Plaintiff and the Class, including without limitation directly or indirectly controlling the terms of the Class and Plaintiff's employment.

29. At all times material hereto, Plaintiff and the Class performed duties for the benefit of and on behalf of Defendants.

30. This cause of action is brought to recover from Defendant Bottom's Up and Petticrew overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) on behalf of Plaintiff and the Class during the material time.

31. The records, if any, concerning the number of hours Plaintiff and the Class are in the possession and custody of Bottom's Up and Petticrew.

32. The records, if any, concerning the compensation Defendant paid Plaintiff and the Class are in the possession and custody of Bottom's Up and Petticrew.

33. Defendants regularly employed two or more employees for the relevant time period (including Plaintiff and the Class) who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Bottom's Up an enterprise covered under the Fair Labor Standards Act.

34. Based on Petticrew's deposition testimony, there are a minimum of fifteen (15) current employees. Based upon Plaintiff's gross earnings, the fact that at least fifteen (15) employees were similarly situated, and the fact that Defendant willfully did not calculate tips into Plaintiff's or the class's wages, there is a reasonable belief that Defendant's annual gross sales volume exceeded $500,000.00 per annum. Alternatively, Plaintiff and the Class worked in interstate commerce so as to fall within the protections of the Act.

35. At all times, Defendants failed to comply with Title 29 U.S.C. §201 *et seq*. because they failed to pay compensation that Plaintiff and the Class were lawfully entitled to receive for performing services and labor for Defendants more than forty hours within a work week.

36. Plaintiff has retained the law office of Consumer Law Organization, PA to represent her individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

37. Plaintiff realleges, and incorporates here by reference, all factual allegations above as if fully set forth herein.

38. Plaintiff and the Class are entitled to be paid time and one-half their regular rate of pay for each hour they worked in excess of forty hours per work week.

39. Defendants knowingly and willfully failed to pay Plaintiff and the Class one- and one-half times their regular rate of pay for all hours they worked in excess of forty hours per week.

40. Because of Defendants intentional, willful, and unlawful acts, Plaintiff and the Class suffered monetary out-of-pocket damages and incurred costs and reasonable attorneys' fees.

41. Because of Defendants willful violations, Plaintiff and the Class are entitled to liquidated damages.

## PLAINTIFF DEMANDS A JURY TRIAL

WHEREFORE, Plaintiff and the Class demand judgment against Petticrew and Bottom's Up, jointly and severally, for payment of compensation at one-half their regular rate of pay for the

hours worked over forty in a work week, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief. If liquidated judgment damages are not awarded, Plaintiff and the Class demand pre-judgment interest.

Dated: December 15, 2023.	Respectfully submitted,

CONSUMER LAW ORGANIZATION, P.A.
6231 PGA Blvd, Ste 104-1003
Palm Beach Gardens, FL 33418
Telephone: (561) 822-3446
Facsimile: (305) 574-0132
Primary: dennis@cloorg.com

By: */s/ J. Dennis Card, Jr.*
J. DENNIS CARD, JR., ESQ.
Florida Bar No: 0487473