UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-14403-DMM

JESSICA McKENZIE, and all others
similarly situated under 29 U.S.C. 216(b)

        Plaintiffs,

v.

BOTTOM'S UP BEVERAGE OF FLORIDA, LLC,
and JULIANN PETTICREW

        Defendants.
_____/

**JOINT MOTION FOR SETTLEMENT APPROVAL AND DISMISSAL
WITH PREJUDICE, WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff Jessica McKenzie and Defendants Bottom's Up Beverage of Florida, LLC and Juliann Petticrew ("the Parties") hereby seek the Court's approval of the Parties' settlement and payment of fees and costs hereunder to Plaintiff's counsel and dismissal of the instant action with prejudice.

**MEMORANDUM OF LAW**

**I.**    **Legal Principles**

This is an action brought by Plaintiff for unpaid wages and unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 210 *et. seq* and violation of Florida minimum wage. Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the

context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an order approving the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against Defendants, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues. Although Defendants dispute their liability for any overtime or unpaid wage payments to Plaintiff, they have ultimately agreed to pay Plaintiff a compromised amount of the disputed payment.

## II. Terms of Settlement

### A. Plaintiff's Statement of the Case and Recovery

Plaintiff claims that she was not paid all of the compensation to which she believes she was entitled, and Plaintiff has brought FLSA claims alleging that she is owed unpaid overtime compensation. Defendants assert that Plaintiff's claims are without merit, and that Plaintiff was properly compensated at all times by Plaintiff's employer, Florida Resource Management, and is not owed any wages from Defendants under either the FLSA or Florida law.

Plaintiff estimated that she is owed $2,535.00 for thirteen weeks, working approximately 30 hours of overtime per week. After discovery and negotiations with Defendants, Plaintiff agrees she will be paid reduced amount of $1,000 as recovery on her claims. The amount of this settlement to Plaintiff is fair and reasonable given the likelihood of success on the merits of the claim, and Plaintiff acknowledges that given the facts of the case and the nature of Defendants' defenses, the settlement amount represents a fair and reasonable compromise of her claims. This settlement was arrived at after considerable negotiation by the attorneys for both Plaintiff and Defendants.

### B. Attorney's Fees/Costs.

Plaintiff's counsel will receive $7,580.00 in attorney's fees and costs. Plaintiff's attorney's fees were agreed upon separately and without regard to the amount paid to the Plaintiff in settlement of his FLSA claims, and Plaintiff's recovery was not adversely affected by the amount of fees paid to his attorney.

## III. Legal Analysis

Courts have found no fraud or collusion where both parties were represented by counsel, the amount allocated to the plaintiff was reasonable, and the parties stipulated that the settlement is fair and reasonable. *See Helms v. Cent. Fla. Reg. Hosp.,* No. 6:05-cv-383-Orl-22JGG, 2006 WL

3858491, at *4–5 (M.D. Fla. Dec. 26, 2006). The undersigned counsel represents to the Court that there was no fraud or collusion in reaching a resolution in this action.

The probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement. The Parties continue to disagree over the merits of the claims asserted by Plaintiff. Defendants maintain that Plaintiff was an employee of Florida Resource Management. Therefore, it is Defendants' position that Plaintiff has no entitlement to the overtime pay or minimum wages she seeks in this action.  Further, Defendants disputes the alleged hours worked by Plaintiff and the manner of calculating overtime.

Plaintiff, while challenging Defendants' defenses, recognizes that there exists a possibility that the Court could determine that Plaintiff was not entitled to any recovery. If the Parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for the Parties to minimize future risks and litigation costs.

Further, there has been sufficient investigation and exchange of information to allow counsel to reach a fair and reasonable resolution of this matter. The Parties ultimately reached a resolution of the disputed claims. Despite Defendants maintaining that they are not liable to Plaintiff for unpaid wages, the settlement will minimize Defendants' time and costs in defending this action. In agreeing upon the proposed settlement, the Parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis of the claims. Courts usually approve early settlements in FLSA cases in these circumstances, recognizing that "early resolution of FLSA claims are encouraged, and extensive discovery typically is unnecessary." *Helms*, 2006 WL 3858491, at *4.

Finally, this Court should also approve the attorneys' fees and costs provision of the Agreement. The provision of attorneys' fees and costs as part of the settlement does not require approval using the lodestar approach. In this case, Plaintiff's attorneys' fees and costs were negotiated and settled independently of Plaintiff's FLSA claims and therefore should be approved by the Court.

### IV.   Conclusion

The Parties jointly and respectfully request that this Court approve the settlement between the Parties and dismiss the instant action with prejudice.

Respectfully submitted this 18th day of April, 2024.

| | |
|---|---|
| /s/ J. Dennis Card, Jr. | /s/ Angelique Groza Lyons |
| J. Dennis Card, Jr., Esq., Fla. Bar No. | Angelique Groza Lyons, Esq., Fla. Bar No. 118801 |
| dennis@cloorg.com | alyons@constangy.com |
| CONSUMER LAW ORGANIZATION, P.A. | CONSTANGY, BROOKS, SMITH & PROPHETE LLP |
| 6231 PGA Blvd., Suite 104-1003 | 100 North Tampa Street, Suite 3350 |
| Palm Beach Gardens, Florida | Tampa, Florida 33602 |
| (561) 822-3446 / Fax: (305) 574-0132 | (813) 223-7166 / Fax: (813) 223-2515 |
| Attorney for Plaintiff | Attorney for Defendants |