UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 23-14403-CV-MIDDLEBROOKS

JESSICA McKENZIE, *and all others
similarly situated under* 29 U.S.C. § 216(b),

    Plaintiffs,

v.

BOTTOM'S UP BEVERAGE OF FLORIDA, LLC,
and JULIANN PETTICREW,

    Defendants.
_____/

## ORDER DEFERRING RULING AND ORDERING SUPPLEMENTAL BRIEFING

THIS MATTER is before the Court upon the Parties' Joint Motion for Settlement Approval and Dismissal with Prejudice, filed April 19, 2024. (DE 35). Plaintiff Jessica McKenzie filed this putative class action lawsuit on December 15, 2024, alleging violations of overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). (DE 1). The Parties originally notified Magistrate Judge Shaniek Mills Maynard they had settled (DE 33), and I extended the deadline for the Parties to submit the appropriate dismissal documents by April 19, 2024. (DE 34).

When a private action is brought under the FLSA and is subsequently settled, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (internal citations omitted). In scrutinizing the settlement for fairness, a court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. Although the provisions of the Act are mandatory, the Eleventh Circuit has recognized that there may be bona

fide disputes as to FLSA coverage, and therefore, a district court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354.

Having reviewed the Motion and exhibits attached thereto, I find that the Parties' Settlement Agreement (DE 35-2) reflects a reasonable compromise over contested litigation to resolve bona fide disputes under the FLSA. I note that the attached settlement only binds the named Plaintiff, Ms. McKenzie, and does not bind any unnamed member of the putative class. Further, I find the settlement release provision, which states that "Ms. McKenzie agrees to settle and release all claims under the FLSA and Florida Minimum Wage Act related to her work at Sand Ridge and The Manor at Meadowood," is fair.

However, the proposed settlement would compensate Plaintiffs' attorneys for fees in the amount of $7,580.00. By comparison, the proposed agreement would compensate Plaintiff $1,000.00, representing consideration for release of her FLSA claims. Courts look to various factors to determine reasonableness, including "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of [plaintiff's] success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement." *Leverso v. SouthTrust Bank of Al., Nat. Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). Plaintiff fails to submit any evidence of the number of hours worked by the attorneys, their hourly rate, or the matters worked on. I am going to order supplemental briefing from the Plaintiff so as to justify their settled attorneys' fees because the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of

interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Plaintiff shall submit supplemental briefing as to further justify the award of attorneys' fees. The deadline for Plaintiff to submit such briefing is **April 29, 2024**.

2. Upon a consideration of such briefing, I will rule on the pending Motion to approve and dismiss this case with prejudice.

**SIGNED** in Chambers at West Palm Beach, Florida this 22 day of April, 2024.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

3