UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 23-14403-CV-MIDDLEBROOKS

JESSICA MCKENZIE, *and all others similarly situated under* 29 U.S.C. 216(b),

    Plaintiffs,

v.

BOTTOM'S UP BEVERAGE OF FLORIDA, LLC, and JULIANN PETTICREW,

    Defendants.
_____/

## ORDER GRANTING APPROVAL OF SETTLEMENT AND DISMISSING CASE

THIS MATTER came before the Court upon the Parties' Joint Motion for Approval of Settlement (DE 35) as well as the Plaintiff's Supplemental Motion in Support of an Award of Attorney Fees (DE 38). On April 19, 2024, the Parties submitted a Joint Motion for the Court to approve the terms of their FLSA settlement. On April 23, 2024, I entered an order in which I found the settlement terms as to Plaintiff's recovery and the waiver clause fair, but I ordered supplemental briefing for the Plaintiff to substantiate the settled attorneys' fees. (DE 37). The Plaintiff's submitted a memorandum the next day. (DE 28).

Plaintiff's Motion for attorneys' fees justifies the settled amount of $7,580.00. Plaintiff represents that the amount includes costs of $260.00 for a deposition transcript of Defendant Juliann Petticrew, a $105.25 in copy charges, a $405.00 filing fee for Plaintiff's Complaint, $660.00 for the 30(b)(6) deposition transcript of Defendant Bottom's Up Beverage, and a $180.00 service of process fee upon the two Defendants. Such charges totaled $1,610.25. Additionally, attached to the Motion for Attorneys' fees is a chart demonstrating the amount of time worked on

this matter, as well as the cost per hour of counsel. (DE 38-1). The exhibit demonstrates that the attorneys spent 32.2 hours on this matter at a rate of $550.00.

When a private action is brought under the FLSA and is subsequently settled, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (internal citations omitted). In scrutinizing the settlement for fairness, a court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. Although the provisions of the Act are mandatory, the Eleventh Circuit has recognized that there may be bona fide disputes as to FLSA coverage, and therefore, a district court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354.

Having reviewed the Motion and exhibits attached thereto, I find that the Parties' Settlement Agreement (DE 35-2) reflects a reasonable compromise over contested litigation to resolve bona fide disputes under the Fair Labor Standards Act. The record supports the amount of time spent drafting filings, conducting discovery, and settling the Plaintiff's claims. Although Plaintiff's Motion provides no information on her attorneys' qualifications and no invoices substantiating the hard costs, the Court is familiar with the rate of attorneys in the area, as well as standard costs associated with bringing a lawsuit, and I find that the amounts represented are reasonable. Moreover, Plaintiff's records reflect that $17,710.00 was incurred in attorney costs, and the Parties have steeply discounted the settled amount.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Parties' Motion for Joint Settlement Approval (DE 35) is **GRANTED**.
2. The Plaintiff's Motion for Attorney Fees (DE 38) is **GRANTED**.

3. The Court **APPROVES** the Settlement Agreement (DE 35-2), including the settlement amount for attorneys' fees, as a fair, adequate, and reasonable settlement of the claims at issue.

4. This action is **DISMISSED WITH PREJUDICE**.

5. The Clerk of Court shall **CLOSE** this case and **DENY** all pending motions as **MOOT**.

6. The Court retains jurisdiction over this action until October 25, 2024, to enforce the terms of the Settlement Agreement.

**SIGNED** in Chambers at West Palm Beach, Florida this 29 day of April, 2024.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record